UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEON'DRE T. TOWNSEND,

    Petitioner,

  v.          Case No. 25-CV-1618

PAULA J. STOUDT,

    Respondent.

## DECISION AND ORDER

  Deon'dre T. Townsend is incarcerated after having been convicted following a jury trial in Milwaukee County Circuit Court of armed robbery and murder. He filed a petition for a writ of habeas corpus. He asks that the court stay proceedings on that petition and hold the petition in abeyance while he exhausts his remedies in state court. (ECF No. 2.)

  After Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA) and imposed a one-year statute of limitations for the filing of habeas petitions under 28 U.S.C. § 2254, the stay and abeyance procedure emerged as a means for courts to address petitions with unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 271 (2005). Without a stay and abeyance a petitioner who presents a petition with an unexhausted claim may not have enough time to initiate proceedings

in state court and return to federal court if the state court should fail to grant him relief.

In fact, because the filing of a federal habeas petition does not stop the one-year clock, *Duncan v. Walker*, 533 U.S. 167, 172 (2001), the statute of limitations may run out before the issue of exhaustion is ever raised, either by the court in a screening order, *see* Rule 4 of the Rules Governing Section 2254 Cases, or by the respondent in an answer. In these instances, dismissing a petition for lack of exhaustion, even if done without prejudice, would forever bar the petitioner from later seeking federal habeas relief.

Thus, the stay and abeyance procedure exists to avoid these harsh consequences. But it is a procedure that "should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. The court may grant stay a case and hold a petition in abeyance only if the petitioner demonstrates good cause for his failure to exhaust his state court remedies and that the petitioner has at least one unexhausted claim that is not plainly meritless. *Id*.

But even then, a stay and abeyance is not necessary if sufficient time remains on the one-year clock for the petitioner to return to federal court after exhausting his state court remedies. Thus, in order to demonstrate that a stay and abeyance is appropriate, the petitioner must generally demonstrate that it would impractical (if not impossible) for him to timely return to federal court after exhausting his state court remedies.

2

Townsend states that the Wisconsin Supreme Court denied his petition to review his conviction on May 21, 2024. (ECF No. 1 at 1-2.) His conviction became final 90 days later when the deadline for seeking review by the United States Supreme Court passed. *See* 28 U.S.C. § 2244(d); Sup. Ct. R. 13; *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). Only then did the one-year clock under 28 U.S.C. § 2244(d) start.

Townsend then filed a petition for a writ of habeas corpus in the court of appeals. He states he does not know the date, but a review of Wisconsin Court of Appeals records in App. No. 2024AP1893, available at https://wscca.wicourts.gov/, indicates that he filed the petition on September 19, 2024. This stopped the one-year clock. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Thus, about one month of the one-year clock elapsed at this point.

The court of appeals denied Townsend's petition on February 17, 2025[1] (ECF No. 1-1 at 5), and he did not seek review by the Wisconsin Supreme Court (and thus any claim he presented in that petition is unexhausted, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L.Ed.2d 1, 9 (1999)). The one-year clock started again 30-days later when the time for seeking review by the Wisconsin Supreme Court passed. *See* Wis. Stat. § 808.10(1).

---

[1] Townsends states his petition was denied on July 17, 2025. (ECF No. 1 at 4.)

Townsend returned to the circuit court with a motion for post-conviction relief on June 6, 2025 (ECF No. 1 at 4), thus stopping the one-year clock after a bit less than three more months elapsed. The court denied the motion on July 29, 2025, and Townsend's appeal of that decision is currently pending before the court of appeals, *see* App. No. 2025AP2047.

There is no hint that the challenges to his conviction that he filed in state court were not "properly filed," *see* 28 U.S.C. § 2244(d)(2), and thus it appears that fewer than four months of the one-year period have elapsed. That leaves Townsend with ample time to exhaust his claims in state court and return to this court with a petition for a writ of habeas corpus. Consequently, Townsend has failed to show that it is necessary for the court to stay this action and hold his petition in abeyance. The court will deny his motion for stay and abeyance.

The court will also dismiss Townsend's petition and this action. Townsend acknowledges that his petition contains unexhausted claims. In seeking a stay and abeyance Townsend has made clear that he does not wish to proceed with any exhausted claim now and forever give up any unexhausted claim. If Townsend were to change his mind before he finishes exhausting his state court remedies, he may file a renewed habeas petition containing only his exhausted claims.

Finally, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether to grant Townsend a certificate of appealability. Because the court is dismissing the petition on procedural grounds, a certificate of appealability is

appropriate only if reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and it is "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Townsend acknowledges that he did not exhaust his state court remedies and fails to offer any explanation that would plausibly excuse his failure, the court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that Townsend's motion to stay this action and hold his petition in abeyance (ECF No. 2) is **denied**.

**IT IS FURTHER ORDERED** that Townsend's petition for a writ of habeas corpus and this action are **dismissed without prejudice**. The court declines to issue a certificate of appealability. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 4th day of November, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge